IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICK MOORE | ) | CASE NO. 5:09CV1542 |
| Plaintiff, | ) ) | |
| v. | ) ) | JUDGE DAN AARON POLSTER |
| STATE OF OHIO, *et al.* | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) ) | |

Plaintiff *pro se* Rick Moore brought this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against defendants State of Ohio and Richard Cordray, Attorney General of Ohio. He alleges that his constitutional right to due process has been violated by the retroactive application of the Adam Walsh Act ("AWA") and the Sex Offender Registration and Notification Act ("SORNA") to him. Plaintiff states that he was advised on November 30, 2007 that effective January 1, 2008 he would be considered a Tier III Sex Offender which would impose severe and stringent registration and notification requirements vastly different from the sanctions imposed in 1981 when he was convicted. He also contends that he was entitled to a hearing before the imposition of the Tier III classification.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

The AWA, enacted on June 30, 2007, amended Chapter 2950 of the Ohio Revised Code. The

amendments changed the classification scheme and the attendant address registration, community notification and residency restriction requirements. Offenders are classified as "Tier I", "Tier II", and "Tier III." An offender's classification now turns solely on the offense of conviction. The offender's risk to the community and likelihood of re-offending are not taken into consideration. *Doe v. Dann*, 2008 WL 2390778 * 10 (N.D. Ohio Jun. 9, 2009).

Title I of the federal AWA is entitled the Sex Offender Registration and Notification Act, or "SORNA." Under the Ohio AWA, a Tier III offender must register every 90 days for life. All offenders are now required to submit the following: name, any aliases, social security number, date of birth, name and address of employer, name and address of school if any, photograph, copies of travel and immigration documents, license plate number for each vehicle owned, driven for work or regularly available to the offender, description of location where all such vehicles are stored, driver's license number or state ID number, description of each professional and occupational license, permit or registration held by the offender, and any email addresses, internet identifiers or telephone numbers registered to or used by the offender. *Id*. at * 2.

Further, all individuals convicted of a sexually oriented offense are now subject to increased residency restrictions. Offenders are now prohibited from residing within 1,000 feet of a school, preschool or day care facility. The AWA also increases the penalties for failing to register or verify one's address, providing for prison terms of up to ten years and mandatory minimum sentences in some cases. The AWA applies retroactively to all offenders who had a duty to register under Megan's Law as of July 1, 2007. *Id*. at * 3.

Plaintiff argues that SORNA imposes severe and stringent registration and notification requirements vastly different from the sanctions imposed in 1981 when he was convicted. In *Calder v. Bull,* the Supreme Court held that any law that "inflicts a greater punishment[ ] than the law annexed to the crime" at the time of its commission or criminalizes any act "done before the passing of the law" violates the Ex Post Facto Clause. 3 U.S. 386, 390 (1798). *See United States v. Lawrance*, 548 F.3d 1329, 1332 (10th Cir. 2008).

The retroactive application of a statute violates the Ex Post Facto Clause only if it is criminal in nature. *United States v. Hernandez,* 615 F.Supp.2d 601, 608-609 (E.D. Mich. 2009)(citing *Kansas v. Hendricks*, 521 U.S. 346, 361 (1997); *Smith v. Doe,* 538 U.S. 84, 89 (2003)). Whether or a not a statute is criminal and violates the Ex Post Facto Clause depends on the intent of Congress. *See Smith,* 538 U.S. at 92. If Congress intended the statute to "enact a regulatory scheme that is civil and non-punitive, [the court] must further examine whether the statutory scheme is 'so punitive either in purpose of effect as to negate [Congress's] intention' to deem it 'civil.' " *Id.; see also, United States v. May,* 535 F.3d 912, 919-20 (8th Cir. 2008), *cert denied*, 129 S.Ct 2431 (2009); *Lawrance,* 548 F.3d at 1333.

SORNA is both civil in its stated intent and nonpunitive in its purpose. Congress expressly declared its intent to create a "comprehensive national system for the registration" of sex offenders, "[i]n order to protect the public from sex offenders and offenders against children, and in response to the vicious attacks by violent predators." 42 U.S.C. § 16901. *Hernandez,* 615 F.Supp.2d at 608-609. *See May,* 535 F.3d at 919-920*; Lawrance*, 548 F.3d at 1332-1336; *United States v. Ambert,* 561 F.3d 1202, 1207-08 (11th Cir. 2009); *United States v. Samuels,* 319 Fed. Appx., 389, 393, 395 (6th Cir.2009). SORNA's registration scheme "does not impose punishment, does not impose an affirmative disability or restraint, does not promote the traditional aims of punishments, has a rational connection to a nonpunitive purpose, and is not excessive with respect to the nonpunitive purpose." *United States v. Samuels*, 543 F.Supp.2d 669, 676-677 (E.D. Ky. 2008)(citing *United States v. Madera*, 474 F.Supp.2d 1257, 1263 (M.D. Fla.2007). *See Walker v. O'Brien*, 2009 WL 2780158 * 2 (S.D. Ohio Aug. 26, 2009)(sex offender law does not violate the *Ex Post Facto* Clause of the United States Constitution because it does not alter the definition of the prior criminal conduct or increase the punishment actually imposed for the crime).

Plaintiff also asserts that he was entitled to a hearing before the imposition of the Tier III classification. Relying on *Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 7-8 (2003), the Sixth Circuit has held that "procedural due process does not entitle an individual convicted of a sex

3

offense to a hearing to determine whether he or she is sufficiently dangerous to be included in the state's convicted sex-offender registry where the statute requires the registration of all sex offenders." *Doe v. Michigan Dept. of State Police*, 490 F.3d 491, 502 (6th Cir. 2007). *See Hernandez,* 615 F.Supp.2d at 620.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(A). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**


Date:  October 14, 2009  */s/Dan Aaron Polster*
JUDGE DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE